
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MADELIENE HASKINS; JAMES STEPHENS; DAVID PANGAN; JOEL NAVASCA; and MIRA NAVASCA,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS, INC; GATEWAY BANK; BANK OF AMERICA; FREEMONT INVESTMENT AND LOAN; AMERICA SERVICING COMPANY; and WELLS FARGO BANK,<br><br>　　　　Defendants. | CV. NO. 09-00401 DAE-LEK |

ORDER: (1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; (2) GRANTING MOTION FOR JOINDER; (3) VACATING HEARING; AND (4) DISMISSING WITHOUT PREJUDICE COMPLAINT AGAINST ALL DEFENDANTS

　　　　Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. # 21) and **GRANTS** Motion for Joinder (Doc. # 23). The

Complaint is **DISMISSED WITHOUT PREJUDICE** as against all Defendants. The hearing on the motions is hereby **VACATED**.

BACKGROUND

On September 4, 2009, Plaintiffs Madeliene Haskins, James Stephens, David Pangan, Joel Navasca, and Mira Navasca filed a Complaint alleging various violations of federal and state law by several banks and lenders.  (Doc. # 1.)  Mortgage loans on four properties are at issue in this case.  According to the Complaint, Haskins and Stephens obtained a mortgage loan from Defendant Countrywide Home Loan, Inc. for real property located at 2069 California Avenue, Wahiawa, Hawaii.  Pangan obtained a mortgage loan from Countrywide for real property located at 2355 Ala Wai Blvd. #607, Honolulu, Hawaii.  Joel and Mira Navasca obtained a mortgage loan from Countrywide and/or Gateway Bank for real property located at 94-1248 Henokeo St., Waipahu, Hawaii.  All plaintiffs apparently obtained a mortgage loan from Freemont Investment and Loan, serviced by American Servicing Company and/or Wells Fargo Bank, for real property located at 94-1122 Kahuamo St., Waipahu, Hawaii.

Plaintiffs contend that they are the victims of predatory lending practices and unauthorized closing costs and fees.  (Doc. # 1 ¶ 6.)  Plaintiffs believe that the mortgage transactions "appear to be based upon dubious and

inflated, over-valued, or otherwise fraudulent appraisals." (Id.) Plaintiffs do not clearly identify their particular causes of action, but do made reference to several statutory schemes.

On March 2, 2010, Defendants filed the instant Motion for Judgment on the Pleadings. (Doc. # 21.) Wells Fargo Bank, N.A. and America Servicing Company filed a motion for joinder on March 15, 2010. (Doc. # 23.)

Plaintiffs filed an Opposition to Defendants' motion on July 2, 2010. (Doc. # 31.) Defendants filed their Reply on July 12, 2010. (Doc. # 32.)

DISCUSSION

For the reasons set forth below, Plaintiffs have failed to adequately plead their causes of action and failed to state a claim, and the Complaint must be dismissed without prejudice as against all Defendants.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). "Each allegation must be simple, concise, and direct." Id. 8(d)(1).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted).

The complaint must provide enough information so that the defendant can respond to the allegations and fashion meaningful discovery requests. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

Plaintiffs do not clearly identify the causes of action in their Complaint and none of the allegations are either concise or direct.  Plaintiffs simply list the statutory schemes of which they allege Defendants are in violation.  First, Plaintiffs state, without explanation, that "Defendants engaged in conduct prohibited by Truth in Lending Act."  (Compl. ¶ 8.)  That single phrase is the full extent of Plaintiffs' TILA claim.  Second, Plaintiffs claim "further violations of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601 et seq., wherein good faith estimates of required disclosures shall be timely made before loan consummation."  (Id.)  No further explanation of this claim is provided.  Regarding the Home Ownership Equity Protection Act, Plaintiffs state generally that

"Defendants engaged of [sic] predatory lending practices at Plaintiffs by failure to make timely, clear and conspicuous disclosures in writing, and engaging in a pattern and practice of extending credit to Plaintiffs without due regard to their respective ability to repay in violation of HOEPA."  (Id. ¶ 9.)  No reference to any particular date or document is provided in the Complaint as to the HOEPA claim.  Plaintiffs' Fair Credit Reporting claim states only the general principal that the statute "bars the wrongful, improper, and illegal reporting of negative information to the various Plaintiffs' [sic] on their respective credit reports and the lowering of credit scores."  (Id. ¶ 10.)  The final federal statute, the Gramm-Leach-Bliley Act, is included in the complaint in a single sentence that contends Defendants violated the law "by release of private financial information and/or allowing fraudulent access to Plaintiffs' respective private files and records."  (Id. ¶ 11.)  Plaintiffs then cite to Hawaii Revised Statutes 480-2 et seq. and state that Defendants engaged in unfair and deceptive trade practices.[1]

None of the alleged federal causes of action cite to any particular fact or transaction that occurred.  Nor do any of the causes of action cite a particular

---

[1] The Court notes that Plaintiffs assert subject matter jurisdiction on the basis of a federal question.  Pleading state claims does not confer jurisdiction on this Court.  The Court may exercise supplemental jurisdiction over the state claims only after Plaintiffs have established federal jurisdiction by properly pleading their federal claims.

section of any statute that was violated.  The statements repeated above are the full extent of Plaintiffs' pleadings of their causes of action.  Plaintiffs do not even provide the general elements of any particular cause of action under any of the statutes listed.  The Complaint is entirely void of any coherent factual allegations to which Defendants might be able to provide counter arguments and evidence.  In Plaintiffs' Opposition, they do little more than state that the Complaint is sufficient.  For the reasons herein, the Court disagrees.

      Moreover, heightened pleading requirements apply to fraud claims.  Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The Rule 9 requirements demands that "the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)).  Plaintiffs' pleading fails to meet this heightened standards as to any fraud claims Plaintiffs purport to bring.[2]

---

      [2] In their Opposition, Plaintiffs first state that Rule 9 is not applicable, but then assert that "[t]o the extent that fraud enters in with regard to the inflated
<div style="text-align:right">(continued...)</div>

Upon review of the record, and for the reasons above, moving Defendants have met their burden for a motion for judgment on the pleadings under Rule 12(c).  The standard governing Rule 12(c) mirrors that of a 12(b)(6) motion.  Under Rule 12(b)(6), a Complaint must include enough facts to raise a reasonable expectation that discovery with reveal evidence and must do more than recite a cause of action.  See Bell Atl. Corp., 550 U.S. at 555-56.  Plaintiffs have utterly failed to do so.

The aforementioned defects in the pleading are applicable to all defendants named in this action.  Accordingly, the motion for judgment on the pleadings is GRANTED.  The motion for joinder is GRANTED.

The Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants in this action, with leave to amend no later than 15 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, as required by Rule 8.  The amended complaint must also clearly state what relief

---

[2](...continued)
appraisals and loan approvals . . . those allegations have been made with sufficient particularity." (Opp'n at 8-9.)  The Court disagrees.

is being sought, under which sections of statutes the claims are brought, and must satisfy the "well-pleaded complaint" rule to attain jurisdiction in federal court.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion for judgment on the pleadings, GRANTS the motion for joinder, VACATES the hearing, and DISMISSES WITHOUT PREJUDICE the Complaint as against all Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2010.



_____
David Alan Ezra
United States District Judge

Haskins et al. v. Countrywide Home Loans, Inc., et al., CV No. 09-00401 DAE-LEK; ORDER: (1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; (2) GRANTING MOTION FOR JOINDER; (3) VACATING HEARING; AND (4) DISMISSING WITHOUT PREJUDICE COMPLAINT AGAINST ALL DEFENDANTS