IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MADELIENE HASKINS; JAMES STEPHENS; DAVID PANGAN; JOEL NAVASCA; and MIRA NAVASCA,<br><br>   Plaintiffs,<br><br> vs.<br><br>COUNTRYWIDE HOME LOANS, INC.; GATEWAY BANK; BANK OF AMERICA; FREEMONT INVESTMENT AND LOAN; AMERICAN SERVICING COMPANY; WELLS FARGO BANK,<br><br>   Defendants.<br>_____ | CV. NO. 09-00401 DAE-LEK |

ORDER ADOPTING IN PART AND MODIFYING IN PART
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

    Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On September 4, 2009, Plaintiffs Madeliene Haskins, James Stephens, David Pangan, Joel Navasca, and Mira Navasca (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants Countrywide Home Loans, Inc. ("Countrywide"), Gateway Bank, Bank of America ("BofA"), Freemont Investment and Loan, American Servicing Company ("ASC"),

and Wells Fargo Bank ("Wells Fargo") (collectively, "Defendants"). (Doc. # 1.) The Complaint alleges various violations of federal and state law by several banks and lenders. (Id.)

On March 2, 2010, Defendants Countrywide and BofA filed a Motion for Judgment on the Pleadings. (Doc. # 21.) Defendants Wells Fargo and ASC filed a motion for joinder on March 15, 2010. (Doc. # 23.) On July 16, 2010, this Court issued an order granting the Motion for Judgment on the Pleadings. (Doc. # 34.) The Court dismissed without prejudice Plaintiffs' complaint against all Defendants and gave Plaintiffs fifteen days to file an amended complaint. (Id. at 7.) The Court cautioned Plaintiffs that failure to filed an amended complaint that cured the pleading deficiencies would result in dismissal of the action with prejudice. (Id.)

On July 23, 2010, Plaintiffs filed a Motion for Extension of Time to File Amended Complaint. (Doc. # 35.) On August 12, 2010, Defendants Countrywide and BofA filed an opposition to Plaintiffs' motion. (Doc. # 40.) Defendants Wells Fargo and ASC filed a motion for joinder on August 13, 2010. (Doc. # 41.) On August 25, 2010, Magistrate Judge Kobayashi issued an order giving Plaintiffs until September 14, 2010 to file an amended complaint and

cautioning that failure to file the amended complaint by this date would result in a recommendation to dismiss the action with prejudice.  (Id.)

On October 6, 2010, after Plaintiffs failed to file an amended complaint in this Court, Magistrate Judge Kobayashi issued Findings and Recommendation ("F&R") dismissing Plaintiffs' complaint without prejudice. (Doc. # 43.)  On October 7, 2010, Defendants Countrywide and BofA filed Objections to Magistrate Judge's Findings and Recommendation, arguing that Plaintiffs' complaint should have been dismissed with prejudice, rather than without prejudice.  (Doc. # 44.)  Defendants Wells Fargo and ASC filed a motion for joinder on the same day.  (Doc. # 45.)

On October 19, 2010, Plaintiffs Madeliene Haskins ("Haskins") and James Stephens ("Stephens") filed a Response to Objections to Magistrate Judge's Findings and Recommendation ("Response").  ("Resp.," Doc. # 46.)  After their complaint was dismissed without prejudice, Haskins and Stephens apparently consulted with Attorney Walter R. Schoettle who determined that "there was [an] insufficient basis to pursue the federal claims . . . alleged in the complaint . . . but that a state claim for unfair and/or deceptive acts or practices in violation of H.R.S. § 480-2 was viable."  (Id. at 1–2.)  On September 13, 2010, Mr. Schoettle filed a complaint in Hawaii state court on behalf of Haskins and Stephens, asserting this

3

state law claim.[1]  (Id. at 2, Ex. A.)  Haskins and Stephens contend that because they filed the state complaint before September 14, 2010, they substantially complied with Magistrate Judge Kobayashi's order granting in part the motion for extension of time to file an amended complaint.  (Id. at 3.)  As such, they argue that this Court should confirm the F&R at least with respect to the state law claims.  (Id.)

Any party may serve and file written objections to proposed findings and recommendations.  See 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination.  A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The court also may receive further evidence or recommit the matter to the magistrate with instructions."

---

[1] The Hawaii state action is captioned Haskins et al. v. Akiona-Gutierrez et al., Circuit Court for the First Circuit of Hawaii, Civil No. 10-1-1962-08.  (Resp. Ex. A.)  The defendants in the state action include Shellie V. Akiona-Gutierrez, Pacific Isle Mortgage, LLC, Countrywide, and BofA.  (Id.)

McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); Local Rule 74.2.

In the instant case, the Court agrees that Haskins and Stephens have substantially complied with Magistrate Judge Kobayashi's order.  Indeed, they filed their complaint prior to September 14, 2010, and their decision to concede that the federal claims have no merit, and to pursue the remainder of their claims in state court, is not a basis on which to deny the state claims with prejudice.  The Court also acknowledges that none of its prior orders reached the merits of the state law claims.  Therefore, the Court will dismiss without prejudice the state law claims so that Haskins and Stephens may pursue their action in state court.  With regard to the federal claims, the Court hereby modifies the F&R to dismiss these claims with prejudice as provided by the Court's prior orders.

In contrast with Plaintiffs Haskins and Stephens, Plaintiffs David Pangan, Joel Navasca, and Mira Navasca, have all failed to file either an amended complaint in this Court or notice that they filed a complaint in state court.  However, in light of the fact that this Court never reached the merits of the state law claims alleged in the complaint, the Court is not inclined to dismiss those claims with prejudice.  As such, the state law claims of Plaintiffs David Pangan,

Joel Navasca, and Mira Navasca are dismissed without prejudice and the federal claims are dismissed with prejudice.

In sum, the Court adopts in part the F&R with regard to its disposition of Plaintiffs' state law claims and hereby dismisses all state law claims without prejudice.  The Court modifies in part the F&R and hereby dismisses all federal claims with prejudice.  Accordingly, the Court **ADOPTS IN PART** and **MODIFIES IN PART** the Magistrate Judge's F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, October 27, 2010.



David Alan Ezra
United States District Judge

Haskins et al. v. Countrywide Home Loans et al., Cv. No. 09-00401 DAE-LEK;
ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION